IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>ANDY MARTINEZ RIVERA<br>DEBTOR<br>COOPERATIVA DE AHORRO Y CREDITO DE MANATI<br>PLAINTIFF,<br>V.<br>ANDY MARTINEZ RIVERA<br>DEFENDANT. | CASE NO. 19-05677 MCF<br><br>CHAPTER 13<br><br>ADVERSARY NUMBER:<br><br>§523 |

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND OBJECT TO DISCHARGE OF DEBTOR

PARTIES

1. The Plaintiff is Cooperativa de Ahorro y Crédito de Manatí, hereinafter "Creditor" or "Cooperativa" or "Cooperativa de Manatí", a corporation with its principal place of business located at #68 Paseo de la Atenas Street Manatí, Puerto Rico.

2. The Defendant, Andy Martínez Rivera (the "Debtor"), is residing at 52322 Ave. Ramón Ríos Román Sabana Seca, Puerto Rico 00952.

**JURISDICTION**

3. This action is a core proceeding pursuant to 28 U.S.C. § 157. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334.

4. The adversary action is a core proceeding because it is an objection to the discharge of a debt. *See* 28 U.S.C. § 157(b)(2)(J). Thus, the bankruptcy court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 157(a). Title 11 U.S.C. §523(a)(2)(A) provides that the debtor shall be denied a discharge of any debt for money or an extension of credit to the extent obtained by a false representation or actual fraud. It is alleged that

1

debtor, knowingly made false representations to the Cooperativa on the basis of which he obtained a personal loan on credit from it for $35,000.00.

## BACKGROUND

5. On September 30, 2019, the Debtor filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Code"), before the United States Bankruptcy Court for the District of Puerto Rico. (In Re: Andy Martinez Rivera, Case No. 19-05677 (MCF 13).

6. Creditor Cooperativa, was listed as a partially secured creditor on the Debtor's schedule D, with 2 claims, one automobile loan secured with a Toyota Camry 2006 and one personal loan partially secured with shares, which is the subject loan of the present complaint.

7. On January 26, 2019, Creditor granted the Debtor a Personal Loan in the amount of $35,000.00 based, in among other things, his loan application, the information given by Debtor therein and the ability to repay the loan considering the consolidation of most of his debts with the new loan.

8. The purpose of the loan, as Debtor stated in his loan application and information provided was to consolidate and pay off the outstanding debts owed by Debtor; 2 loans with Cooperativa de Agricultura and 1 of the loans with Cooperativa de Manatí. On January 26, 2019, Debtor executed an Individual Personal Loan and Note (the "Note"), wherein the Debtor unconditionally guaranteed his obligation to Creditor Cooperativa.

9. As of the date Debtor filed its bankruptcy petition, pursuant to the terms of the Personal Loan and Note, Debtor owed Creditor $35,613.33 (the "Debt"). See Proof of Claim No. 9 filed by Cooperativa on 12/6/2019.

10. Debtor informed Creditor Cooperativa as part of his loan application for the purpose of obtaining credit that he was the owner of a real estate property valued in the amount of $60,000.00.

11. Debtor's Schedule A/B of Property filed in the bankruptcy case fails to lists any interest in a real estate property.

12. The information submitted to Cooperativa at the time of the loan (January 2019) evidences that debtor had the following debts:

   a) Cooperativa de Ahorro y Crédito de Agricultura with a balance of $22,600.00;
   b) Cooperativa de Ahorro y Crédito de Agricultura with a balance of $4,434.00;
   c) Cooperativa de Ahorro y Crédito de Manatí with a balance of $10,600.00; all these 3 debts to be consolidated by Cooperativa's personal loan in question.
   d) Additionally, an auto loan with Cooperativa de Ahorro y Crédito de Manatí with a balance of $8,568.92.

13. The 2 loans with Cooperativa de Agricultura and the $10,600.00 loan with Cooperativa de Manatí were to be consolidated with the $35,000.00 loan executed on 1/26/2019 by Cooperativa de Manatí.

14. Within a seven (7) month period before and after Debtor perfected Cooperativa's personal loan and note (January 26, 2019), debtor incurred in one (1) prior debt not disclosed to Cooperativa and four (4) new debts on credit totaling the amount of $43,306.00, to wit:

    a) Loan at Cooperativa de Ahorro y Crédito de Empleado Plaza Provision with an outstanding balance of $10,669.00, executed on October 2018;
    b) Loan at Cooperativa de Ahorro y Crédito de Agricultura with an outstanding balance of $9,800.00, executed on January 2019;
    c) Loan at Cooperativa de Ahorro y Crédito de Empleado Plaza Provision with an outstanding balance of $1537.00, executed on May 2019;
    d) Loan at Money Express with an outstanding balance of $4,300.00, executed on May 2019;

e) Auto Loan at First Bank with an outstanding balance of $17,000.00, executed on May 2019.

15. At the time Debtor executed Cooperativa de Manatí's loan on January 26, 2019 with the intent to consolidate, Debtor failed to disclose the prior loan executed at Cooperativa Plaza Provision on October 2018 with an outstanding balance of $10,669.00.

16. On the same month of January 2019, Debtor executed a subsequent loan at Cooperativa de Ahorro y Crédito de Agricultura preventing Cooperativa de Manatí's loan to show or appear in his credit report.

17. Within the following 4 months of the prior 3 loans on credit Debtor executed the remaining three (3) loans all on the same month of May 2019 preventing any of these loans to appear in his credit report.

18. In sum, Debtor failed to disclose Cooperativa of an $11,000.00 loan on his credit and within four (4) months of executing Cooperativa's personal loan indebted himself with 4 additional loans for a total of $43,306.00, beside the $35,000.00 owed to Cooperativa de Manatí all without the intent to repay his debts.

19. As such, Debtor made a knowingly false representation to Cooperativa with the intent to deceive and induce creditor to rely upon his false statements and promises to repay the loan and not to incur in further debts in which Cooperativa relied to extend credit.

20. Debtor submitted the loan application and information provided with the intent to obtain a loan from the Cooperativa de Ahorro y Crédito de Manatí.

21. Debtor's knowing and/or intentional false representations of owning a real estate and consolidating debts to have the ability to pay and promises not to incur in further

4

debts on which Cooperativa justifiably relied to extend credit and grant the loan in the amount of $35,000.00 is the proximate cause of the damages sustained by Cooperativa.

## COUNT I

(Non-dischargeability--Section 523(a)(2)(A))

22. Creditor Cooperativa repeats and realleges Paragraphs 1 through 21, inclusive, and by reference incorporates them herein and makes them a part of this claim.

23. The Debt is a debt for money, property, or an extension of credit obtained by a false representation or actual fraud.

24. The Debt is a debt for money, property, or an extension of credit obtained by a false representation or actual fraud, other than a statement respecting the debtor's financial condition.

25. Debtors' statements and representations through the loan application and credit process that he would consolidate most of his debts and have the ability to pay and not incur in more debts to obtain credit is a false representation.

26. Debtor's representation to Cooperativa that he owns a real estate property valued in $60,000.00 is a false representation.

27. Debtor's assertion of an interest in a residence in which he did not hold the ownership interest claimed at the time the Loan Application is a false representation.

28. Debtor's course of conduct after executing the loan with Creditor denotes debtor's intention to deceive.

29. Creditor's reliance was justifiable since the new monthly payment was less than the payment of the debts individually, about $204.00 less.

30. Creditor's reliance upon Debtor's false representations caused damage.

5

31. The Debt to Creditor is non-dischargeable pursuant to Section 523(a)(2)(A).

PRAYERS FOR RELIEF

WHEREFORE, Creditor respectfully requests that this court enter Judgment:

a) Pursuant to 11 U.S.C. § 523(a)(2)(A) declaring the debtor's personal loan Debt to Creditor is non-dischargeable and ordering the lifting of the stay;

b) Awarding Creditor interest on the Debt, plus costs and attorneys fees as set forth in the Note;

c) Awarding Creditor cost of litigation including reasonable attorneys fees and costs; and

d) Providing such other and further relief as is just and equitable.

RESPECTFULLY SUBMITTED, this 4th day of February 2020.

S/MIREYA BALTAZAR SUAZO
MIREYA BALTAZAR SUAZO, ESQ.
USDC NO. 213904

ATTORNEY FOR THE CREDITOR
ABOGADOS DE AMERICA LAW OFFICES
P.O. BOX 2102
BARCELONETA, PUERTO RICO 00617
TEL./FAX: (787) 970-1316/970-0428
E-MAIL: mbs@abogadosdeamerica.com